### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                              **CRIM. ACTION NO. 5:19-CR-24**
                                       Judge Bailey

**RICKY D. RUNNER,**

        Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 33]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 28, 2020, wherein he recommends that defendant's Motion to Suppress Evidence and Statements [Doc. 21] and Supplemental Motion to Suppress [Doc. 32] be denied. For the reasons that follow, this Court will adopt the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes

1

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Defendant filed Defendant's Objections to Magistrate Judge's Report and Recommendation to the District Judge Recommending That Defendant's Motion to Suppress and Supplemental Motion to Suppress Be Denied [Doc. 35] on October 13, 2020. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which defendant objected. The remaining portions of the report and recommendation will be reviewed for clear error. For the reasons contained herein, this Court will adopt the R&R.

## DISCUSSION

This case involves whether a glass pipe, which was in plain view, was "immediately apparent" to the officers as being drug paraphernalia and could therefore give the police officers probable cause to conduct a search of defendant's vehicle. The United States Supreme Court has stated that the phrase "immediately apparent" was "very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of

2

certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine." *Texas v. Brown*, 460 U.S. 730, 741 (1983). The Supreme Court asserts that the "immediately apparent" language does not require that a police officer "know" that certain items are contraband or evidence of a crime. *Id.* at 741. The standard that is consistent with the Fourth Amendment, the *Texas* Court held, is: "[t]he seizure of property in plain view involves no invasion of privacy and *is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.*" *Id.* at 741–742 (quoting *Payton v. New York*, 445 U.S. 573, 587 (1980)). Probable cause is a "flexible, common-sense standard," and it only requires:

> facts available to [an] officer that would "warrant a man of reasonable caution in the belief" . . . that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.

*Id.* at 742.

In this case, Defendant asserts three objections to the R&R. First, defendant argues that there are "zero facts in the record substantiating that Stacey Garloch deceived officers, exhibited 'suspicious behavior, or did or said anything that would contribute to a finding of probable cause." [Doc. 35 at 2]. Second, defendant argues that nothing he did or said contributed to a finding of probable cause by the officers. [Id. at 7]. Third, defendant argues that the presence of the glass pipe in the center console did not give the

officers probable cause to search the vehicle. [Id. at 7]. With the above considerations in mind, this Court will overrule defendant's objections.

As it pertains to defendant's first and second objections, an officer is permitted to do a plain-view search of his or her surroundings. *United States v. Jackson*, 131 F.3d 1105, 1108 (4th Cir. 1997). Even if Ms. Garloch or defendant did not deceive officers, exhibit "suspicious" behavior, or do or say anything to contribute to a finding of probable cause, it is not a violation of one's invasion of privacy right when an officer sees an article in plain view. *Id.* at 1108. In this case, both officers were lawfully in a place from which the glass pipe was plainly viewed.

Finally, it is plain that Cpl. Shilling possessed probable cause to believe that the glass pipe in defendant's vehicle constituted contraband or evidence of a crime. Cpl. Mucheck testified that a glass pipe is frequently used to smoke illegal substances. [Doc. 33 at 4, 6]. This testimony was corroborated by Cpl. Shilling, who is trained and has experience as a drug recognition expert with the State of West Virginia. [Id. at 5]. During his testimony, Cpl. Shilling stated that he saw a "stem", which is drug paraphernalia and is used to smoke substances like crystal methamphetamine and crack cocaine. Therefore, probable cause existed because it was "immediately apparent" to Cpl. Shilling that the "stem" sitting above the shifter on the console could be associated with criminal activity.

## **CONCLUSION**

Upon careful review of the record before this Court and the aforementioned applicable law, it is the opinion of this Court that the Report and Recommendation **[Doc. 33]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully

4

stated in the magistrate judge's report. Accordingly, defendant's Motion to Suppress **[Doc. 21]** and Supplemental Motion to Suppress Evidence and Statements **[Doc. 32]** are hereby **DENIED**. Furthermore, Defendant's Objections to Magistrate Judge's Report and Recommendation to the District Judge Recommending That Defendant's Motion to Suppress and Supplemental Motion to Suppress Be Denied **[Doc. 35]** are hereby **OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the defendant and to transmit copies to all counsel of record herein.

**DATED**: October 27, 2020.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**